IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

Re:   ALFONZA MCKEEVER JR. ,           )

Debtor                                 )           10-92243-WLH


### DEBTOR'S MOTION TO RECUSE PRESIING JUDGE AND TRUSTEE

COMES NOW the Debtor, in propia persona, Alfonza McKeever ("McKeever"), in the above-styled action, and hereby moves the COURT and TRUSTEE to recuse from this matter and properly reassign this matter according to the manner provided by law . In support hereof, McKeever shows the Court the following:

#### I.   STATEMENT OF THE CASE

1. Mckeever filed the instant voluntary Chapter 13 bankruptcy petition on October 29, 2010;

2. On July 13, 2011, the instant action was converted to a Chapter 11 action by order of the COURT upon McKeever's motion. (docket. nos. 44,45);

3. Since the time McKeever filed this action with the COURT, the COURT has failed to give due consideration to Mckeever's claims and concerns on a reasonable and equal basis as the claims of the TRUSTEE in this matter;

4. Although the COURT has been made aware of several instances of fraud and nepotism affected in this matter against McKeever's estate by the presiding TRUSTEE whom, while acting as TRUSTEE holding power of attorney over the fiscal matters of such estate, did solicit and hire the services of the TRUSTEE's own biological family members to perform various tasks of labor pertaining to the estate in exchange for direct payment of funds to such family members from the estate's accounts; a fact that transgresses the spirit and letter of McKeever's federal constitutional right to a fair court

1

and other ancillary statutory rights.          (US Const. 5,14 Amends.; Ga. Const. (1983), Art. I, §I, ¶ XII).

5. The COURT has shown bias and prejudice by denying McKeever's request to discharge this action although McKeever has presented a reasonable plan that would allow McKeever to satisfy the creditors' claims in full without liquidation of the estate;

6. The COURT has shown active bias and prejudice against McKeever by showing a substantial likelihood, on the record, that the COURT will grant the TRUSTEE's unqualified motion (dkt. no.   ) to set a mandatory settlement amount required of McKeever which dramatically exceeds the amount of value in which McKeever is indebted under the remaining balance McKeever owes on the mortgage loan per the subject unliquidated real property held by the McKeever's estate;   although Mckeever currently owes only approximately $30,000.00 on the $170,00.00 original mortgage loan after payments of approximately $140,000.00 within 10 years on the same, the COURT has deemed it not robbery that the TRUSTEE, whom after committing acts which raises serious legal and ethical concerns against the TRUSTEE's qualification to prosecute this action and has shown a personal interest in the use and acquisition of the real property held by McKeever's estate, the TRUSTEE has suggested that McKeever be required to pay an unjustifiably exorbitant amount of money to reclaim McKeever's assets and settle the creditors' claims.      The TRUSTEE's suggested settlement amount far exceeds the net amount of all creditors' claims combined.      (dkt. no. 365)

7. The COURT has shown active bias and prejudice by allowing the TRUSTEE to skirt established law concerning the TRUSTEE's fiduciary duties to McKeever's estate without reprimand or censure, and has granted every request made by the TRUSTEE without reserve while denying each request for relief made by McKeever without explanation;

8. The COURT has shown active bias and prejudice against McKeever and favor of the TRUSTEE without cause which has prevented McKeever from enjoying access to a fair process and which has resulted in the COURT rendering decisions by way

2

of substantive orders that has wrongly disposed of McKeever's assets without the intent or effect of satisfying McKeever's legitimate and verifiable debts, and which have caused the TRUSTEE and other unqualified non-parties/non-creditors to receive an unjust direct monetary benefit in exchange for some unknown and unlawful consideration at the expense of the McKeever estate;

9. At all times during the pendency of this action, it appears from the record and supporting unrecorded facts, that the COURT is actively conspiring with the TRUSTEE (and others interested) to deprive McKeever of access to a fair court in order to wrongfully use the bankruptcy process to deprive McKeever of McKeever's estate property under color of law for the sole and exclusive benefit of persons not associated with McKeever's estate or the estates' creditor's claims;

10. McKeever, being a petitioner whom is not a licensed attorney,

Whereas Plaintiff is entitled to a fair court and trial process without incurring duress, and the benefit of due process absent fraud and misuse of government power.

Whereas McKeever asserts that the above and within claims of facts tend to raise questions in the mind of objective and reasonable persons concerning the impartiality and fairness of the COURT such that the same afronts the Code of Judicial Conduct.

McKeever is entitled to and move for this case to be properly and expeditiously reassigned according to law, and to due process that proceeds without diversion or unnecessary delay, McKeever moves his Court to decide the subject Motion to Recuse and file such final order accordingly.

### III.   **RELIEF REQUESTED IN OBJECTION**

WHEREAS, for the reasons above and within, which Plaintiff hereby attests and certifies as true and correct based upon Plaintiff's direct and personal knowledge of the same, Plaintiff respectfully moves this Court:

(1) For a stay of execution of any order of record on the merits of this action until such time as any appeal is fully disposed;

3

(2) For a Final Order on the Motion to Recuse be filed; entered; and served upon the Parties hereof, and;

(3) For such further and additional relief deemed just and proper in this Court's discretion.

**Respectfully Filed and Submitted,**

This /8/16 day of February, 2016.

_____
Alfonza McKeever, Petitioner/Debtor

4020 Berry Hill Trail
Stone Mountain, Ga. 30083

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served counsel for all concerned parties with a copy of the within and foregoing pleading by hand delivery or by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery and addressed to:

Cathy Scarver - P.O.Box 7287, Marietta, Ga. 30006

-------------------------------------------------

Erich N Durlacher - 171 17th Street, NW, Ste 100, Atlanta, Ga. 30363

-------------------------------------------------

This 18 day of August, 2016.

_____ Alfonza McKeever, Petitioner

4